## J. J. WILSON AND R. R. TURNER V. NICHOLS, SHEPARD & CO. *et al.*

### No. 323.

1. CHATTEL MORTGAGE—*Insufficient Description of Property.* A description in a chattel mortgage that fails to state where the mortgagor or mortgagee reside, in what state or county the property is located, or in what county the mortgage is recorded, is of itself insufficient.

2. ——— *Requisites of Good Description.* The property mortgaged should be described with such particularity that a third party could, aided by the description, together with such inquiries as the mortgage itself suggests, identify it.

3. ——— *Actual Notice by Subsequent Mortgagee.* Where a description in a .chattel mortgage is insufficient, proof that a subsequent mortgagee had actual notice is material.

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed May 14, 1898. Reversed.

*McDermott & Johnson,* for plaintiffs in error.

*F. C. Johnson,* for defendants in error Nichols, Shepard & Co.

The opinion of the court was delivered by

SCHOONOVER, J.: The defendants in error commenced this action in replevin in the district court of Cowley county to recover the possession of eighty acres of growing wheat, claiming ownership and possession by virtue of a chattel mortgage. The plaintiffs in error,·defendants in the court below, filed a general denial, and upon the trial claimed title to the wheat in controversy by virtue of a prior chattel mortgage, the validity of which is the principal question in this case.

At the trial plaintiff objected to the introduction of the mortgage "for the reason that the description of

41—7 KAN. APP.

the property in the mortgage is so indefinite and un-
certain as to the property therein described that the
mortgage is wholly void." The following is the de-
scription :

All the wheat growing on the southwest quarter of
section 8, township 34, range 8 ; and north half of
northwest quarter of section 17, township 34, range 8 ;
also the east half of the southeast quarter of section 7
of township 34, range 8."

The mortgage is indorsed as follows : " Filed and
entered in vol. T, page 236, November 22, 7 A. M.,
1893.                    R. S. STROTHER, *Reg.*"

There is nothing in the mortgage to indicate where
the property is located, in what state or county, or
where the mortgagor or mortgagee reside, whether the
property is in range 8 east or 8 west, or where the
mortgage is recorded, or of what county R. S. Strother
is the register of deeds. The description is not suffi-
cient ; a third party could not by its aid, together with
such inquiries as the mortgage itself suggests, iden-
tify the property. (*Golden v. Cockril*, 1 Kan. 259 ; *Sav-
ings Bank v. Sargent*, 20 id. 576 ; *Tootle, Hanna & Co. v.
Lyster*, 26 id. 589.)

The plaintiffs in error offered to prove that the
defendants in error Nichols, Shepard & Co. had
actual notice of the first mortgage before the second
mortgage was given. The court refused to permit the
defendants to complete the introduction of this testi-
mony, discharged the jury, and rendered judgment
for plaintiffs below. This was error.

It is true that the description is insufficient, and it
is also true that the plaintiffs in error, Willson and
Turner, did not have possession of the wheat under
their mortgage at the time the second mortgage was
given. Proof of actual notice on the part of Nichols,

Shepard & Co. of the first mortgage on this wheat prior to and at the time the second mortgage was executed was material, and under proper instructions should have been submitted to the jury.

The judgment of the district court is reversed.